ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FABIÁN RIVERA MONTALVO<br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE<br>CORRECCIÓN Y<br>REHABILITACIÓN<br><br>Recurrido | KLRA202400185 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>Icg-154-2024<br><br>Sobre: Referido Programa de Pre Reinserción Comunitaria |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece el señor Fabián Rivera Montalvo, en adelante el señor Rivera o el recurrente, quien nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* y revoquemos la determinación emitida en la *Respuesta del Área Concernida/ Superintendente* del Departamento de Corrección y Rehabilitación, en adelante DCR o el recurrido. Mediante la misma, el DCR le informó al recurrente que aun su solicitud al Programa de Pre Reinserción Comunitaria Centro de Rehabilitación y Nuevas Oportunidades de Arecibo, en adelante Programa de Pre Reinserción Comunitaria, se encuentra en evaluación.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su

consideración, con el propósito de lograr su más justo y eficiente despacho".[1] En consideración a lo anterior, eximimos al recurrido de presentar el escrito en oposición a la revisión.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, por prematuro.

## -I-

El señor Rivera fue referido al Programa de Pre Reinserción Comunitaria por el Comité de Clasificación y Tratamiento del DCR.[2]

Transcurridos 6 meses desde la emisión del referido, aun si recibir respuesta del DCR, el recurrente presentó una *Solicitud de Remedio Administrativo* en la que requirió su integración al Programa de Pre Reinserción Comunitaria.[3]

Por su parte, el DCR emitió una *Respuesta al Miembro de la Población Correccional* en la que indicó lo siguiente:

> El caso fue referido para evaluación directamente al Centro de Rehabilitación y Nuevas Oportunidades el 2-octubre-2023 en un nuevo formato a la Directora de Programas de Desvío en Nivel Central. Estamos a la espera de contestación. Es usual que la respuesta tome tiempo de evaluación.[4]

Inconforme, el recurrente comparece ante este foro y alega la comisión de los siguientes errores:

> Erró el DCR al no emitir una determinación final conforme a derecho y dentro del término de tiempo establecido en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico y la Reglamentación vigente.

> Erró el DCR al emitir una respuesta de reconsideración sin disponer, concreta y

---

[1] 4 LPRA Ap. XXII-B.
[2] Apéndice del recurrente, pág. 1.
[3] *Id*., pág. 2.
[4] *Id*., págs. 3-4.

finalmente, a sabiendas que ello dilatará el proceso emprendido por el recurrente.

Erró el DCR al no atender la solicitud de remedio presentada por el recurrente, la cual trata de una solicitud para ser integrado al proyecto de Re-Inserción y no de una solicitud de status.

Erró el DCR al emitir una respuesta de reconsideración en la que no atendió el reclamo del recurrente, ignorando así que su actuación supone un grave perjuicio para el recurrente [,] en tanto interrumpió el proceso de rehabilitación emprendido por este.

Luego de revisar el escrito del recurrente y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Según dispone el Reglamento del Programa Integral de Reinserción Comunitaria, en adelante el Reglamento Núm. 9488-2023, "si el [integrante] de la población correccional no estuviere de acuerdo con la determinación emitida sobre su participación en el Proyecto, tendrá dos opciones: presentar una solicitud de reconsideración de conformidad con la sección 3.15 de la LPAU o ir directamente al Tribunal de Apelaciones".[5]

Si la parte procede conforme la primera opción, agota los remedios ante la agencia,

pero continúa en desacuerdo con la determinación de la Secretaría Auxiliar en Programas y Servicios, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia **de la determinación final tomada por la agencia** o a partir de la fecha aplicable de las dispuestas en el Artículo V de esta Orden.[6]

---

[5] Reglamento del Programa Integral de Reinserción Comunitaria, Reglamento Núm. 9488-2023 de 9 de agosto de 2023, Art. V, pág. 12.

[6] *Id.*, Art. V, pág. 14. (Énfasis suplido).

**B.**

Reiteradamente el Tribunal Supremo de Puerto Rico ha declarado que un recurso prematuro al igual que uno tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[7] De modo, que "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo […]".[8]

Por otro lado, en materia de jurisdicción, es norma jurisprudencial firmemente establecida que no tenemos discreción para asumir jurisdicción donde no la hay.[9] La falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene.[10] Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción.[11] Así, el tribunal que carece de autoridad para atender un recurso, solo tiene facultad para así declararlo y, en consecuencia, desestimarlo.[12]

**-III-**

El apelante alega que el DCR interrumpió su proceso de rehabilitación por no evaluar su solicitud para ser integrado al Programa de Pre Reinserción Comunitaria, conforme a lo dispuesto en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de*

---

[7] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[8] *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 367 (2001); *Rodríguez Díaz v. Segarra*, 150 DPR 649, 654 (2000).
[9] *Ponce Fed. Bank v. Chubb Life Ins. Co.*, 155 DPR 309, 331 (2001); *Gobernador de PR v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).
[10] *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[11] *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E., supra*, pág. 362.
[12] *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012); *Caratini v. Collazo*, 158 DPR 345, 355 (2003); *Vega Rodríguez v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

*Puerto Rico*, en adelante Ley Núm. 38-2017;[13] al Reglamento Núm. 9488-2023; y a la Orden Administrativa DCR-2023-03. Aduce, además, que la respuesta del recurrido a su solicitud de reconsideración no contiene los elementos de una determinación administrativa final y que no resuelve su solicitud inicial. Por esta razón, solicita al foro intermedio ordenar "a la agencia que fundamente su resolución final para que así este Tribunal pueda llevar a cabo su función revisora…". En su opinión, la falta de diligencia del DCR violenta su derecho al debido proceso de ley sustantivo y a la rehabilitación moral y social. No le asiste la razón. Veamos.

Luego de revisar los documentos que obran en autos, concluimos que el recurso ante nuestra consideración es prematuro y carecemos de jurisdicción para atenderlo.

Esto es así porque, conforme al Reglamento Núm. 9488-2023 y a la Ley Núm. 38-2017, la revisión judicial ante este foro intermedio procede después de que el recurrente agote los remedios ante la agencia recurrida y que esta última emita una determinación final.

Sin embargo, en el presente caso, la Secretaria Auxiliar en Programas y Servicios aun no ha emitido una resolución final, sujeta a ser revisada por este foro. Como informó el DCR, la petición del recurrente se presentó al Centro de Evaluación y Nuevas Oportunidades y "[e]s usual que la respuesta tome tiempo de evaluación", *supra*.

---

[13] Ley Núm. 38-2017 (3 LPRA sec. 9601 et seq.).

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones